806

JOHN ROBINSON SHOWS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SELLS FLOTO CIRCUS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13893, 13964.   Promulgated June 25, 1928.

*J. A. B. Hossack* for the petitioners.

*R. H. Ritterbush, Esq.,* for the respondent.

**810**

OPINION.

MARQUETTE: The only question presented by the record in this proceeding is whether the Howes Great London Shows Co. and the Sells Floto Circus Co. were affiliated with the John Robinson Shows Co. and the Hagenback-Wallace Shows Co. during the fiscal years ended January 31, 1920, January 31, 1921, and January 31, 1922. The respondent concedes that the John Robinson Shows Co. and the Hagenback-Wallace Shows Co. were affiliated during that period.

The evidence herein shows that the Howes Great London Shows Co. and the Sells Floto Circus Co. were not organized until subsequent to January 31, 1920. Since they were not in existence during any part of the fiscal year ended January 31, 1920, it follows that they were not affiliated with any other company in that year.

The evidence also clearly shows that on July 6, 1921, all of the capital stock of the four companies named was transferred to the American Circus Co. and from that date was owned and held by that company. Since all of the capital stock of the four companies involved herein was owned by the American Circus Co. from July 6, 1921, to the end of the fiscal year ended January 31, 1922, they were clearly affiliated within the purview of section 240(c)(1) of the Revenue Act of 1921. There therefore remains to be considered only the question of whether they were affiliated during the

fiscal year ended January 31, 1921, and the period February 1 to July 6, 1921.

While the evidence relative to the question of affiliation for the fiscal year ended January 31, 1921, and the period February 1, to July 6, 1921, is not as conclusive as is the evidence relative to the period July 6, 1921, to January 31, 1922, we think it is sufficient to establish the petitioners' claim. It clearly shows that the companies were in fact, and were so considered by the stockholders, a single economic unit dominated and controlled by Mugivan, Bowers, and Ballard. They owned outright all of the capital stock of the John Robinson Shows Co. and the Hagenbeck-Wallace Shows Co., 90 per cent of the capital stock of the Howes Great London Shows Co., and 75 per cent of the stock of the Sells Floto Circus Co., and in addition they had a very real control over the stock held by Odom and Terrell, who were in reality only employees of Mugivan, Bowers, and Ballard in the operation of their road shows, and whose ownership and dominion of the stock standing in their names were limited and abridged by the contract under which they had purchased the stock. We are of the opinion that Mugivan, Bowers, and Ballard owned or controlled substantially all of the stock of the four companies during the fiscal year ended January 31, 1921, .and the period February 1, to July 6, 1921, and that the companies were affiliated.

*Judgment will be entered under Rule 50.*